On Motion for Rehearing
PER CURIAM.
Defendant asserts in a motion for a rehearing, among the grounds alleged therefor, that the transcript lodged in this court was incomplete in that depositions of Drs. O. L. Sanders and H. M. Prothro, as well as the record of settlement made by plaintiff for injuries sustained by him in 1948, were omitted therefrom. Accordingly, it was prayed that the transcript be returned to the clerk of the trial court for completion. While the record before us does not disclose that these documents were offered in evidence, the clerk of court, by affidavit attached to defendant’s motion, informs us they were filed and constituted a part of the record, and plaintiff’s counsel concedes as much. In the meantime, however, the clerk of court has forwarded to this court, and there,have been incorporated in the record, the depositions of the two physicians. The other record was not located in her office. ,
It may be appropriate to say that defendant, in originally briefing this case before us, neither called our attention to the absence of these documents from the transcript nor referred to them in any manner whatsoever. He evidently attached little, if any, importance to them. In presenting the motion for a rehearing he has not pointed out wherein defendant was prejudiced by the clerk’s failure to properly incorporate the documents in the transcript. We fail to find, on our review of the testimony in the depositions, anything that would warrant or justify a conclusion different from that already reached.
That plaintiff sustained injuries in a previous accident and that settlement was made therefor is a matter conceded by all parties. The omission of the record of settlement from the transcript is, therefore, immaterial and affords defendant no grounds for complaint.
We find no merit in the motion for a rehearing, and it is accordingly denied.